UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALASKA OIL AND GAS ASSOCIATION,<br><br>                      *Plaintiff*,<br><br>   v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C Street, N.W., Washington, D.C. 20240;<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>BUREAU OF LAND MANAGEMENT,<br>1849 C Street, N.W., Washington, D.C. 20240;<br><br>U.S. OFFICE OF MANAGEMENT AND BUDGET<br>725 17th St., N.W. Washington, D.C. 20503,<br><br>                      *Defendants*. | Civil Action No. 1:24-cv-02653<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. The Alaska Oil and Gas Association ("AOGA") brings this suit against the U.S. Department of the Interior ("the Department"), its subcomponent the Bureau of Land Management ("BLM"), and the U.S. Office of Management and Budget ("OMB"), to enforce AOGA's rights under the federal Freedom of Information Act, 5 U.S.C. § 552.

2. AOGA—a professional trade association whose mission centers on ensuring the long-term viability of oil and gas resource development for all Alaskans—has a keen interest in laws and regulations pertaining to oil and gas management in Alaska.

3. Following the Department of the Interior's promulgation of a consequential new rule bearing centrally on AOGA's work, *see* "Management and Protection of the National Petroleum Reserve in Alaska," 89 Fed. Reg. 38712 (May 7, 2024) ("Rule"), AOGA sought to

1

obtain information about whom the Department of the Interior, BLM, and OMB consulted outside of the government as part of conceiving, refining, and finalizing this Rule, and how this Rule was analyzed and evaluated by OMB.

4. To obtain this information—which is important for Alaskans and the public to know and understand once it sees the light of day—AOGA submitted two FOIA requests on June 10, 2024 ("the Requests"). One request was made to the Department of the Interior seeking records pertaining to, among other things, the Department's external consultations about this Rule. A second request was made to OMB seeking similar records, along with information pertaining to OMB's analysis of the Rule. The Requests were carefully crafted to seek external communications that would not implicate deliberative process protections.

5. To date, however, the Department, BLM, and OMB have failed to comply with their statutory FOIA obligations to make a "determination" about AOGA's FOIA Requests and to turn over all responsive, segregable, non-exempt records.

6. AOGA's follow-ups with the agencies have yielded no legally adequate action by the agencies.

7. AOGA now brings this suit to compel Defendants to comply with their obligations under FOIA to timely process AOGA's FOIA Requests.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this Action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

9. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10. Plaintiff AOGA is a professional trade association founded in 1966. AOGA's mission for over 50 years has been to foster the long-term viability of the oil and gas industry for the benefit of all Alaskans. AOGA represents the majority of companies that explore, develop, produce, transport, refine, or market oil and gas on the North Slope, in the Cook Inlet, and in the offshore areas of Alaska. AOGA believes in the importance of a healthy and viable oil and gas industry to Alaska's economy and is proud to serve as the "voice of industry in Alaska" to advocate on issues that impact current and future development of oil and gas in the state. AOGA's business address is 121 West Fireweed, Suite 207, Anchorage, AK 99503.

11. Defendant the U.S. Department of the Interior is a cabinet-level agency in the Executive Branch within the meaning of 5 U.S.C. § 552(f)(1). Its headquarters are located at 1849 C Street, N.W., Washington, D.C. 20240.

12. Defendant Bureau of Land Management is a subcomponent of the U.S. Department of the Interior within the meaning of 5 U.S.C. § 552(f)(1). Its headquarters are located at 1849 C Street, N.W., Washington, D.C. 20240.

13. Defendant the U.S. Office of Management and Budget is housed within the Executive Office of the President and falls within the meaning of "agency" under 5 U.S.C. § 552(f)(1). *See, e.g.*, *Pub. Citizen, Inc. v. Off. of Mgmt. & Budget*, 598 F.3d 865, 867 (D.C. Cir. 2010). Its headquarters are located at 725 17th St., N.W., Washington, D.C. 20503.

14. Defendants have possession and control of records AOGA seeks in its Requests.

## LEGAL STANDARD

15. The Freedom of Information Act of 1967, codified at 5 U.S.C. § 552, opens up the workings of U.S. federal agencies to public scrutiny.

16. As the Department of the Interior's then-Deputy Chief FOIA Officer aptly put it, "[i]n a democracy, people can make informed choices if they know how their elected Executive Branch leaders implement the law. Releasing agency records under FOIA is a fundamental part of ensuring that democracy continues to function." *Letting the Sun Shine on the FOIA*, Dep't of Interior (Mar. 15, 2021), https://www.doi.gov/blog/letting-sun-shine-foia; *see also Bartko v. United States Dep't of Just.*, 898 F.3d 51, 66 (D.C. Cir. 2018) (cleaned up) ("[T]he basic purpose of the Freedom of Information Act to open agency action to the light of public scrutiny, and thereby further the citizens' right to be informed about what their government is up to."). And as OMB recently stated in a final rule updating its FOIA regulations, "OMB acknowledges the importance of the presumption of openness," as set forth in the 2022 Department of Justice FOIA Guidance, and OMB "will continue to apply" that presumption as it "implements the FOIA." 89 Fed. Reg. 48821, 48822 (June 10, 2024).

17. FOIA requires federal agencies to conduct reasonable searches for requested information and produce responsive records on a specified timeline unless an enumerated exemption applies. *See* 5 U.S.C. § 552(a)(3), (b). Although FOIA exempts some records from disclosure, *see id.* § 552(b), "[i]n accord with the congressional commitment to transparency, FOIA exemptions are to be 'narrowly construed,'" *Jud. Watch, Inc. v. United States Dep't of Def.*, 913 F.3d 1106, 1109 (D.C. Cir. 2019) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).

18. Consistent with Congress's objectives under FOIA, the statute imposes a number of nondiscretionary obligations on agencies. Agencies, for example, must "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(ii)(II).

19. As to timing, Congress required agencies to "make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). Agencies have 20 working days to make a "determination" as to whether to comply with a request and "immediately notify the person making such request." *Id.* § 552(a)(6)(A)(i). While agencies may extend the 20-working-day period by an additional 10 working days in case of "unusual circumstances," *id.* § 552(a)(6)(B)(i), an agency must provide "timely written notice to the requester in accordance with paragraph (6)(B)," *id.* § 552(4)(A)(viii)(II)(aa), that is, before the default 20-working-day period expires.

20. A FOIA requester is deemed to have exhausted administrative remedies "if the agency fails to comply" with the statutorily specified deadlines. 5 U.S.C. § 552(a)(6)(C)(i). Federal District Courts have "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

A. **The BLM Rule**

21. In September 2023, the Bureau of Land Management published in the Federal Register a proposed rule titled, "Management and Protection of the National Petroleum Reserve in Alaska." 88 Fed. Reg. 62025 (Sept. 8, 2023).

22. The Rule concerns management, stewardship, and development of oil and gas resources in Alaska, issues central to AOGA's work and mission.

23. In May 2024, BLM promulgated a final rule by the same name. 89 Fed. Reg. 38712 (May 7, 2024).

B.     **AOGA's June 10, 2024, FOIA Requests to BLM and OMB**

1.     Department of the Interior / BLM

24.    On June 10, 2024, AOGA submitted a FOIA request to the Department of the Interior via the Department's online FOIA portal attaching a PDF letter. *See* Ex. A.

25.    The request covers various categories of information relating to the Rule, including but not limited to the Bureau of Land Management's external consultations with certain entities and individuals concerning the Rule beginning in March 2023.

26.    On June 21, AOGA received an e-mail confirmation regarding the request, which was assigned identification number DOI-BLM-2024-000854. *See* Ex. B.

2.     OMB

27.    On June 10, 2024, AOGA submitted a FOIA request to OMB via e-mail to OMB's dedicated FOIA e-mail address. *See* Ex. C.

28.    The request covers various categories of information relating to the Rule, including OMB's studies and analyses pertaining to the Rule and certain external consultations that OMB may have engaged in pertaining to this Rule beginning in March 2023.

29.    On June 11, 2024, AOGA received an e-mail confirmation regarding the request, which was assigned number 2024-659. *See* Ex. D.

C.     **Subsequent Correspondence With Defendants**

30.    As explained, under FOIA, the Department of the Interior had a legal obligation to make a "determination" as to the requested records within 20 working days. 5 U.S.C. § 552(a)(6)(A)(i).

31.    The 20-working-day statutory deadline for AOGA's FOIA Requests fell on July 10, 2024. As of that date, AOGA received no substantive communications from any of the Defendants pertaining to the Requests.

32. On July 29, 2024, AOGA sent an e-mail inquiry to the Department of the Interior's Office of the Secretary FOIA e-mail address seeking information about the status of the Request. In its response of July 29, the Department did not provide a substantive update but copied a relevant BLM FOIA Officer. *See* Ex. E.

33. On July 29, 2024, AOGA sent an e-mail inquiry to OMB's FOIA e-mail address seeking information about the status of the Request. In its response of July 29, OMB stated that, while "a search for potentially responsive records was initiated and is ongoing," OMB could not "provide an estimated date of completion." *See* Ex. F.

34. As of the date of this filing, AOGA has received no formal "determination" from any of the Defendants regarding AOGA's FOIA Requests.

35. As of the date of this filing, AOGA has not received any of the non-exempted, segregable records that AOGA seeks in its Requests and that AOGA is legally entitled to.

36. As of the date of this filing, none of the Defendants has invoked FOIA's "unusual circumstances" provision. 5 U.S.C. § 552(a)(6)(B)(i).

37. As of the date of this filing, the only step that Defendants Department of the Interior and BLM have taken of which AOGA is aware is changing the Request's status to "Assigned for Processing" in the Department's online portal on an unspecified date.

38. To obtain the records requested—which AOGA is lawfully entitled to and which Defendants are withholding—AOGA brings this suit to enforce its rights under FOIA.

## CLAIM FOR RELIEF

### Count 1: Declaratory and Injunctive Relief
### Violation Of The Freedom Of Information Act

39. AOGA realleges and incorporates by reference all the allegations made in the preceding paragraphs.

7

40. The records that AOGA seeks are agency records with Defendants' control.

41. AOGA has a statutory right to receive a timely "determination" regarding its Request.  5 U.S.C. § 552(a)(6)(A)(i).

42. All Defendants have violated FOIA by failing to make a timely determination as to AOGA's FOIA Request.  5 U.S.C. § 552(a)(6)(A)(i).

43. AOGA has a statutory right promptly to receive all non-exempted, segregable records sought pursuant to AOGA's Requests consistent with statutory timelines.  5 U.S.C. § 552(a)(3)(A), § 552(a)(6), § 552(a)(8)(A)(ii)(II),

44. There is no legitimate basis under FOIA for withholding non-exempt requested records sought pursuant to AOGA's FOIA Requests.

45. All Defendants have violated FOIA by failing to turn over to AOGA all non-exempted requested records sought pursuant to AOGA's Requests in a timely fashion consistent with applicable law.  5 U.S.C. § 552(a)(6)(A)(i).

46. AOGA has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) by virtue of having complied with all applicable statutory and regulatory requirements while receiving no adequate response from Defendants.

47. District Courts are authorized to enjoin agencies to comply with FOIA requirements.  5 U.S.C. § 552(a)(4)(B).  AOGA is entitled to a declaratory judgment that Defendants have wrongfully withheld agency records in violation of FOIA.  AOGA is also entitled to an injunction directing Defendants to produce non-exempt records in full, with a deadline for compliance.

**REQUEST FOR RELIEF**

WHEREFORE, AOGA respectfully requests that this Court:

A. Declare that Defendants have unlawfully failed to turn over in a timely fashion as required by FOIA all responsive, non-exempted records sought by AOGA in violation of § 552(a)(3)(A), (a)(6);

B. Issue a Permanent Injunction pursuant to 5 U.S.C. § 552(a)(4)(B) directing Defendants to turn over to AOGA all responsive, non-exempt records sought in the Requests by a deadline to be specified by this Court;

C. Retain jurisdiction over this Action to ensure that Defendants process AOGA's FOIA Requests expeditiously and lawfully;

D. Award AOGA attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, any/or any other applicable law; and

E. Award AOGA such further relief as the Court considers just and proper.

Dated:  September 16, 2024               Respectfully submitted,

/s/  Kelly P. Dunbar

Kelly P. Dunbar (D.C. Bar No. 500038)
Mark L. Hanin (*pro hac vice* forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6000
Fax: (202) 663-6363
Kelly.Dunbar@wilmerhale.com
Mark.Hanin@wilmerhale.com

*Attorneys for Plaintiff Alaska Oil and Gas Association*